**FILED**

Apr 11 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**FILED**
CLERK, U.S. DISTRICT COURT

4/3/2025

CENTRAL DISTRICT OF CALIFORNIA
BY:_____ LR _____ DEPUTY

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**2:25-ml-03144-GW-RAO**

**IN RE: TIKTOK, INC., MINOR**
**PRIVACY LITIGATION**

MDL No. 3144

**TRANSFER ORDER**

**Before the Panel**: Plaintiff in the Northern District of California *McKissick* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California or, alternatively, to include the actions in MDL No. 3047 – *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, which is also pending in that district. Alternatively, he suggests centralization in the Southern District of Florida. This litigation consists of six actions pending in five districts, as listed on Schedule A.[1] In addition, the parties have informed the Panel of fourteen potentially-related actions pending in eight districts.[2]

Though defendants[3] and plaintiffs in the consolidated Central District of California actions initially opposed centralization, they now do not oppose centralization in the Central District of California. The remaining responding plaintiffs variously support centralization in the Northern District of California, the Northern District of Florida, the Southern District of Florida, the Eastern District of Louisiana, or the District of New Jersey.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs in all actions allege that TikTok fails to disclose that it collects and sells the personal information of minor children without the minors' or their parents' notice, knowledge, or consent, in violation of the Children's Online Privacy Protection Act of 1998 (COPPA) and Children's Online Privacy Protection Rule (the COPPA rule). Plaintiffs allege that (1) TikTok's

---

[1]   An additional action, brought by the United States in the Central District of California, was included in the motion for centralization. The United States filed a brief opposing centralization and its inclusion in the MDL. In reply, movant stated that he no longer seeks inclusion of the action.

[2]   These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3]   ByteDance Ltd., ByteDance Inc., TikTok Ltd., TikTok Inc., TikTok Pte. Ltd., and TikTok U.S. Data Security Inc. (together, TikTok).

- 2 -

"age gate" is deficient, allowing children under thirteen to create regular TikTok accounts; (2) TikTok collects and sells personal information of users holding these regular accounts, including those who have claimed to be over thirteen but are not; (3) even for children under thirteen with "Kids' Mode" accounts, TikTok collects more personal information than COPPA allows; (4) defendants' procedures for responding to parental requests to access or delete children's data are deficient; and (5) defendants' moderation policies do not adequately detect or remove information collected from children under thirteen. Factual questions overlap concerning, *inter alia*, TikTok's age verification procedures; its practices for data collection and use; its procedures for responding to parental requests to access or delete children's data; its moderation policies regarding children under thirteen; and its compliance with COPPA, the COPPA rule, and the 2019 stipulated order entered in a previous action brought by the United States in the Central District of California. *See United States v. Musical.ly.*, Case No. 2:19-cv-01439 (C.D. Cal.).

We are not persuaded that these actions should be included in MDL No. 3047 (though, at oral argument, it seemed proponents of including the actions in MDL No. 3047 had largely abandoned that position). While the personal injury plaintiffs allege that TikTok (along with the other defendant social media companies) knowingly collects personal information from children under age thirteen without informing parents or obtaining parental consent in violation of COPPA, those allegations are a minor piece of an expansive litigation involving five major social media platforms and multiple tracks of plaintiffs. *See* Pl.'s Second Amended Master Comp. (Personal Injury), MDL No. 3047 (N.D. Cal. Dec. 15, 2023), ECF No. 494 at ¶ ¶ 1009-1010. MDL No. 3047 has been defined by allegations that defendants' social media platforms are designed to be addictive to adolescent users, causing harm. *See In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 637 F. Supp. 3d 1377, 1378 (J.P.M.L. 2022). While the existing MDL involves some additional allegations, such as those regarding defendants' age verification procedures, we are not aware of any actions that are a part of MDL No. 3047 that do not involve addiction-related allegations. The data privacy actions now before the Panel contain no addiction-related contentions.

We find that the Central District of California is the most appropriate transferee district for this litigation. Two of the TikTok defendants are headquartered in the district, and it is undisputed that relevant documents and witnesses will be found there. The government action, which overlaps considerably with the actions before the Panel, was filed in this district. We assign these data privacy class actions to the Honorable George H. Wu, who has considerable MDL experience but is not currently presiding over an MDL. We are confident he will steer this litigation on a prudent and expeditious course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton                    Matthew F. Kennelly
David C. Norton                        Roger T. Benitez
Dale A. Kimball                        Madeline Cox Arleo

**IN RE: TIKTOK, INC., MINOR
PRIVACY LITIGATION**                                     MDL No. 3144

## SCHEDULE A

Central District of California

A.A., ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−06784
JODY VILLANUEVA, ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−07922

Northern District of California

MCKISSICK, ON BEHALF OF A.M. v. BYTEDANCE, INC., ET AL.,
    C.A. No. 3:24−08051                        **2:25-cv-03118-GW-RAO**

Northern District of Florida

HUMBERT, ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 5:24−00236
                                               **2:25-cv-03119-GW-RAO**

Western District of Missouri

MIDDLETON v. TIKTOK, INC., ET AL., C.A. No. 4:24−00742
                                               **2:25-cv-03120-GW-RAO**

District of New Jersey

LANSER v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−10818
                                               **2:25-cv-03121-GW-RAO**

I hereby attest and certify on APR 1 1 2025
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK
RENICO SMITH

